**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DORIS CHIDOZIE-SAPP,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　Respondent. | No.　14-73731<br><br>Agency No. A087-129-035<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:　LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

　　Doris Chidozie-Sapp, a native and citizen of Nigeria, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for withholding of removal

and relief under the Convention Against Torture ("CAT").　We have jurisdiction

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-1040 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Chidozie-Sapp's fraudulent marriage to a United States citizen for the sole purpose of obtaining immigration benefits. *See id.* at 1048; *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."); *Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) ("[L]ies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference."). In the absence of credible testimony, in this case, Chidozie-Sapp's withholding of removal claim fails.

Chidozie-Sapp's CAT claim also fails because it is based on the same statements that the agency found not credible, and Chidozie-Sapp does not point to any evidence that compels the finding it is more likely than not she would be tortured if returned to Nigeria. *See Shrestha*, 590 F.3d at 1048-49. We reject her contentions that the IJ ignored evidence.

**PETITION FOR REVIEW DENIED.**

14-73731